**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0058ML |
| BERNARD V. BUONANNO, SR. and ESTATE OF JOSEPH BUONANNO, SR. | ) | |
| Defendants. | ) | |

**PLAINTIFF EMHART INDUSTRIES, INC.'S MOTION FOR RELIEF FROM STAY**

Plaintiff Emhart Industries, Inc. ("Emhart"), by counsel, respectfully submits this Motion for Relief from Stay. For the reasons set forth in the accompanying memorandum in support, which is incorporated herein, Emhart requests that the Court grant this motion and lift the stay.

Respectfully submitted,
EMHART INDUSTRIES, INC.
By Its Attorneys,

Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

OF COUNSEL:
Warren Anthony Fitch, Esq.
Jerome C. Muys, Jr., Esq.
SWIDLER BERLIN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500
(202) 295-8478 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Deming E. Sherman, Esq.
Jason P. Marshall, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903
Counsel of Record for Joseph E. Buonanno, Jr.

I certify that on the 15 day of September, 2005, I caused a true copy of the within *Motion for Relief from Stay and Memorandum in Support* to be forwarded to the above-listed counsel of record by First Class Mail.

Linda A. Cardente

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0058ML |
| | ) | |
| BERNARD V. BUONANNO, SR. and ESTATE OF JOSEPH BUONANNO, SR. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EMHART INDUSTRIES, INC.'S MOTION FOR RELIEF FROM STAY**

Plaintiff Emhart Industries, Inc. ("Emhart"), by counsel, respectfully requests that the Court lift the stay entered in this case. As set forth herein, Emhart has suffered, and will continue to suffer, serious prejudice if the stay is not lifted. Evidence may be lost, the memories of witnesses may fade, and other witnesses may never be heard because of incapacity or death. In contrast, Defendants can point to little, if any, prejudice if the stay is lifted. They therefore cannot meet their heavy burden of justifying a stay.

**PROCEDURAL HISTORY**

Emhart commenced this action on February 24, 2004, by filing a Complaint seeking a judgment against Bernard V. Buonanno, Sr. and the Estate of Joseph Buonanno, Sr., ("the Estate") for contribution for costs incurred by Emhart in investigating and responding to releases or threatened releases of hazardous substances at or from what is now known as the Centredale Manor Restoration Project Superfund Site (the "Site"). Bernard V. Buonanno, Sr. owned and/or operated a barrel reconditioning facility at the Site during the time period in which hazardous substances were disposed of at the facility. The Estate of Joseph Buonanno, Sr. is the successor to a person, Joseph Buonanno, Sr., who owned a portion of the Site and operated a chemical

manufacturing facility at the Site during the time period in which hazardous substances were disposed of at the facility.

By Order of July 22, 2004, this Court stayed this matter "pending determination of the related petition for certiorari filed in the Rhode Island Supreme Court on June 30, 2004 by the Estate of Joseph Buonanno, Sr.," one of the Defendants in this case. The Petition concerned a decision reached by the Probate Court of South Kingstown, Rhode Island granting Emhart's petition to file a claim out of time against the Estate.

On October 29, 2004, the Rhode Island Supreme Court granted the Estate's petition and concluded that the Probate Court should issue a new decision setting forth its findings of fact and conclusions of law. The Probate Court did so on February 18, 2005. In that decision, which contains comprehensive findings of fact and conclusions of law, the Probate Court granted Emhart's motion to file its claim against the Estate out of time.

On March 28, 2005, the Estate again petitioned the Rhode Island Supreme Court for a Writ of Certiorari. That Court has not yet rendered a decision on the Estate's second Petition.

## ARGUMENT

### 1. Defendants Cannot Meet Their Heavy Burden to Justify a Stay

A trial court has broad discretion to control the pretrial phases of litigation. Driver v. Helms, 402 F. Supp. 683, 685 (D.R.I. 1975). This includes the discretion to stay proceedings - an act which is incident to the Court's power to control its own docket. Id.; Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650 (1997).

The proponent bears the burden of establishing the necessity of a stay. Jones, 520 U.S. at 708, 117 S. Ct. at 1651. A stay should be granted "'only in rare circumstances', and the burden is on the applicant '[to] make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" Driver, 402 F. Supp. at 685, citing Landis v. North American Co., 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936). Thus, a Court should grant a stay only where the need for the stay clearly outweighs the harm to the opposing party. Id. at 686.

As the Supreme Court has explained, "a lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial. The complaint was filed within the statutory limitations period ... and delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." Jones, 520 U.S. at 707-08, 117 S. Ct. at 1651; see also Driver, 402 F. Supp. at 686 (expressing concern "for the prompt resolution of the plaintiffs' claims"); S.E.C v. Dresser Indus., Inc., 628 F.2d 1368, 1377 (D.C. Cir. 1980) (stay denied because "[i]f justice moves too slowly ... witnesses may die or move away, memories may fade"). The considerations voiced by the Supreme Court are the all the more significant here, where it is not just the trial, but all pretrial discovery and other proceedings that have been stayed.[1]

Here, the significant and continuing damage to Emhart is indisputable. This case was filed in February 2004. It arises from alleged activities and related circumstances decades ago involving a chemical manufacturing plant and a barrel reconditioning facility on a portion of the Site. Many of the potential witnesses in this matter are quite advanced in years, and some are also in poor health. At least one critical witness (one of the Defendants) allegedly resides in a

---

[1] For example, a deposition of a witness who cannot appear at trial because of incapacity or death may be used "for any purpose." Fed. R. Civ. P. 32(a)(3). This is in stark contrast to a witness who becomes incapacitated or dies before providing sworn testimony – they may never be heard.

nursing home and is 96 years of age, a number of witnesses have passed away, and the memories and cognitive abilities of other witnesses may deteriorate as more time passes.[2]

In both Driver and Jones, the proponent of the stay was able to point to substantial reasons why a stay should be granted, but, even those reasons were insufficient to meet the applicant's heavy burden. Driver involved a parallel criminal investigation which this Court afforded "substantial weight" when considering whether to stay the civil case. 402 F. Supp. at 685. Nevertheless, this Court denied the motion to stay and, in so doing, rejected the argument that the case should be stayed because some of the defendants may have to expend resources on private counsel they might otherwise avoid. "It is an inevitable fact of all litigation that some parties have to spend money for attorneys." Id. at 686.

Jones, of course, involved whether a civil action could proceed against a sitting President – a case which the Supreme Court characterized as one of "extraordinary public moment" and in which concerns such as the "potential burdens on the President" and "[t]he high respect that is owed to the office of the Chief Executive" warranted consideration. 520 U.S. at 707, 117 S. Ct. at 1650 (citations omitted). Nevertheless, the Supreme Court set those concerns aside given the potential harm to the plaintiff of delaying the case and overturned, as an abuse of discretion, the District Court's decision to defer the trial until after the President leaves office. Id., 117 S. Ct. at 1651.

This case entails none of these weighty considerations; it cannot be characterized as an "extraordinary public moment," and it does not involve a concurrent criminal proceeding or investigation. Indeed, the reasons why the stay should remain in place are negligible. At best,

---

[2] Potential witnesses include a 78-year old former truck driver for the chemical company, a 86-year old former head of shipping for the chemical company, and a 97-year old who mixed chemicals at the facility.

Defendants may contend that allowing this case to proceed will require one of the Defendants - the Estate, see infra, - to expend resources it might otherwise avoid – an argument expressly rejected by this Court in Driver. 402 F. Supp. at 686.

In light of these factors, Emhart respectfully submits that the stay should be lifted so that this case may proceed.

**2. In the Alternative, the Stay Should be Lifted as to Defendant Bernard Buonanno, Sr.**

In the alternative, Emhart requests that the stay be lifted as to one Defendant – Bernard Buonanno, Sr. The reasons why the stay should be lifted are the same as those set forth above – the potential loss of information and witnesses and the prejudice to Emhart of not receiving a speedy disposition of its claims. Moreover, the state court proceedings which formed the basis for the stay have no bearing on Mr. Buonanno. Regardless of the outcome of the state court litigation, and the Estate's pending motion to dismiss in this case, this litigation will proceed against Mr. Buonanno (who, we are told, is in poor health). Thus, there is no reason to continue the stay against Mr. Buonanno. Emhart's case, at least as to Mr. Buonanno, should not be delayed any longer.

## CONCLUSION

For the foregoing reasons, the Court should lift the stay. In the alternative, the Court should lift the stay as to Mr. Buonanno.

Respectfully submitted,
EMHART INDUSTRIES, INC.

By Its Attorneys,

Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

OF COUNSEL:
Warren Anthony Fitch, Esq.
Jerome C. Muys, Jr., Esq.
SWIDLER BERLIN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500
(202) 295-8478 (Facsimile)